UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COA INC., <br><br> Plaintiff, <br><br> v. <br><br> XIAMEI HOUSEWARE GROUP CO., INC, <br><br> Defendant. | CASE NO. C13-771 MJP <br><br> ORDER ON AMAZON.COM, INC.'S MOTION TO QUASH DEPOSITION SUBPOENA AND FOR PROTECTIVE ORDER |

The Court, having received and reviewed:

1. Amazon.com, Inc.'s Motion to Quash Deposition Subpoena and for Protective Order (Dkt. No. 1)

2. COA, Inc.'s Opposition to Amazon.com, Inc.'s Motion to Quash Deposition Subpoena and for Protective Order (Dkt. No. 5)

3. Reply in Support of Amazon.com, Inc.'s Motion to Quash Deposition Subpoena and for Protective Order (Dkt. No. 8)

ORDER ON AMAZON.COM, INC.'S MOTION TO
QUASH DEPOSITION SUBPOENA AND FOR
PROTECTIVE ORDER- 1

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion is GRANTED in part and DENIED in part (see the Discussion section *infra* for details).

IT IS FURTHER ORDERED that COA, Inc.'s cross-motion to compel is DENIED.

IT IS FURTHER ORDERED that the parties' respective motions for attorney's fees and costs are DENIED.

**Background**

*Underlying case*

Plaintiff Coaster Company of America ("COA") is a furniture manufacturer. It claims that Defendant Xiamei Houseware Group Co., Inc. ("Xiamei") improperly associated its products with COA's products on Amazon.com, in effect "riding on COA's coattails" by claiming that its allegedly inferior products were made by Coaster.

*Amazon.com, Inc. discovery process*

COA issued a subpoena to non-party Amazon.com, Inc. ("Amazon") on August 24, 2012 – the subpoena contained both a documents request and a deposition request. Dkt. No. 2-2, Hong Decl., Exh. B. On September 19, 2012, Amazon began producing documents in response to the request. Although Amazon served objections to the document requests (but not the deposition) on September 20[1], there was further document production on September 24, 2012 and February 4, 2013. Amazon alleges (and COA does not dispute) that the following have been produced in response to the subpoena:

---

[1] FRCP 45(c)(2)(B) requires that objections be filed no later than 14 days after service of the subpoena; Amazon's objections were 13 days late.

- Emails/correspondence between Amazon and Xiamei
- Emails re: COA's notice of trademark infringement concerning Xiamei and Amazon's response
- Sales information relating to the 16 products at issue in the underlying suit (17,000+ documents)
- Feedback on sales orders
- The contact review log for the product orders
- Amazon Services Business Solutions Agreement;
- ASIN (Amazon Standard Identification Number) Creator Pages for the 16 products
- ASIN Contributor Pages for the 16 products
- Copies of Amazon's Seller Central Help pages (the process and restrictions for creating ASIN's or listing against existing ASIN's)

Negotiations concerning the deposition have been ongoing between COA and Amazon, but ultimately no agreement could be reached.

**Discussion**

*Amazon's untimely objections: FRCP 45(c)(2)(B) and 45(c)(3)(A)*

The Federal Rules of Civil Procedure require that Amazon file any objections to a subpoena for document production within 14 days of being served (FRCP 45(c)(2)(B)), making their original written objections (filed September 20, 2012) 13 days past the deadline. COA claims that, having failed to object within 14 days, any objections are "waived," but they cite no authority for that position.

However, it is apparent from a reading of the cases that a motion to quash a subpoena is a *separate* procedural device from filing objections to the subpoena. The FRCP's only state that the motion to quash must be "timely;" what constitutes a "timely" motion is not specified. FRCP 45(c)(3)(A). There is case law that indicates that "timely" means "sufficiently in advance of the scheduled deposition to allow a ruling before the deposition is scheduled to occur." See King v. Fidelity Nat'l Bank of Baton Rouge, 712 F.2d 188, 191 (C.A.La., 1983)("… a motion to quash must not only be made but *granted* before the scheduled deposition to excuse compliance;" emphasis in original).

ORDER ON AMAZON.COM, INC.'S MOTION TO
QUASH DEPOSITION SUBPOENA AND FOR
PROTECTIVE ORDER- 3

The Court finds that the late-filed objections do not affect the validity of the motion to quash and will therefore move on to the merits of the motion.

*Motion to Quash*

Initially, Amazon's motion addresses the three "major topics" that COA identified in an April 3, 2013 email to Amazon. Each topic is addressed below, with the ruling (motion to quash "granted" or "denied") on each topic indicated in **bold** at the end of the discussion:

1. Authentication: COA even admits in its email to Amazon that a "declaration would work here" (Mtn, Ex. L, p. 154). Providing that Amazon has provided such a declaration prior to the scheduled deposition, it will not be required to provide duplicate testimony. **Granted.**

2. Information placed in the system by Xiamei when it originally listed the disputed products: Amazon has produced evidence (*see* Radliffe Decl., ¶ 3) that Xiamei was not the creator of the ASIN's at issue and that it has already provided information to COA regarding the sellers who created the ASIN's and whoever later "contributed" to them. To the extent it is even possible for Amazon to respond to this request, it is duplicative. **Granted.**

3. Information re: whether the customers who posted negative reviews purchased a genuine Coaster item or a Xiamei product: COA effectively responds to Amazon's arguments that this is "unduly burdensome" (Amazon fails to carry its burden of proving "undue burden") and restricted as "confidential" information (there is a protective order in place concerning confidential information such as this). However, Plaintiff does not effectively rebut Amazon's position that this request is outside the scope of the subpoena. There is nothing in the subpoena that covers the production of this information. **Granted.**

As COA's April 3, 2013 memo made clear, the company reserved the right in the deposition to "ask… anything on our topic list," (Ex. L, id.) so Amazon's protest that the deposition was supposed to be restricted to the three major items above strikes the Court as somewhat disingenuous. The remainder of this section will address those additional topics included in the discovery request upon which COA wishes to depose Amazon (again, the ruling on Amazon's motion to quash will follow the discussion of each topic):

- Topic 1 (Xiamei's communications regarding the disputed products): COA does not dispute Amazon's claim that it has provided <u>all</u> communications with Xiamei. **Granted.**
- Topic 2 (information regarding all sales of the disputed products under the ASINs): COA claims in its briefing that it has only received information back to March 2011 and needs the information going back to the beginning of the controversy (2010). Amazon counters that, as of May 3, 2013, it provided COA with an updated spreadsheet with all the information it had requested. Reply, Hong Decl., ¶ 4. **Granted.**
- Topics 3, 4 and 6 (information regarding (1) how Xiamei added its products onto the Amazon website and (2) how this process is done generally):
  - (1) This is relevant on the issue of Xiamei's level of liability – did the company purposely associate its products with COA's or did Amazon's system somehow create the association? Amazon failed to respond to COA's argument concerning the relevance of this discovery; in accordance with this district's Local Rules, the Court will treat that failure to respond as an admission that this portion of COA's response has merit. LCR 7(b)(2). **Denied**.
  - (2) Amazon has already produced the documents that explain this process, plus COA has its own expert who has personally gone through the process of

ORDER ON AMAZON.COM, INC.'S MOTION TO
QUASH DEPOSITION SUBPOENA AND FOR
PROTECTIVE ORDER- 5

registering a product on Amazon's website. COA says that its expert can only offer his "opinion" of how the system works, but does not dispute the expert can personally testify to all the steps necessary to register a product. **Granted.**

- Topic 7 (an explanation of the unique codes and "shorthand descriptions" used by Amazon in its product detail pages for the ASINs of the disputed products): Amazon says they have offered to do this informally, but since the company is going to be appearing at the deposition, it can provide the explanation then. **Denied.**

- Topic 9 (information regarding the origin of certain product listings -- e.g., certain of Xiamei's products being listed as "by Coaster"): The original discovery request was limited to 5 specific product listings attached to the subpoena; COA is willing to limit its inquiry further to two representative samples. Response, p. 8. Amazon has no substantive response to this request except to say that it has provided COA with all the information it has; COA should be permitted to ask clarifying followup questions about that information. **Denied.**

- Topic 10 (seeking clarification of certain documents already produced by Amazon; COA has provided the specific questions to Amazon): The Court finds this neither cumulative nor duplicative of other discovery. **Denied.**

*COA Motion to Compel*

Plaintiff has failed to properly note this (e.g., providing evidence that it has met and conferred with Amazon in accordance with FRCP 37 and LCR 37). **Denied.**

ORDER ON AMAZON.COM, INC.'S MOTION TO
QUASH DEPOSITION SUBPOENA AND FOR
PROTECTIVE ORDER- 6

Case 2:13-cv-00771-MJP   Document 10   Filed 05/28/13   Page 7 of 7

*Fees and costs*

Each side has moved for the other to pay its fees and costs. Given that "partly granted, partly denied" nature of this recommendation, the Court finds it appropriate to require each side to bear its own costs.

**Conclusion**

Amazon will be required to appear at the deposition. The scope of the examination is outlined in the Discussion section *supra*. COA's cross-motion to compel is denied, and each side will bear its own fees and costs.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 28, 2013.

Marsha J. Pechman
United States District Judge

ORDER ON AMAZON.COM, INC.'S MOTION TO
QUASH DEPOSITION SUBPOENA AND FOR
PROTECTIVE ORDER- 7